This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

     Plaintiff-Appellant,

v.                                                                 **NO. 31,140**

**SHEENA POWELL**,

     Defendant-Appellee,

and

**STATE OF NEW MEXICO**,

     Plaintiff-Appellant,

v.                                                                 **No. 31,139**
                                                                      **(Consolidated)**

**FERNANDO RAMIREZ**,

     Defendant, Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee Powell

Guadalupe Preciado
Albuquerque, NM

for Appellee Ramirez

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State has appealed from the district court's orders suppressing the evidence against Defendants Powell and Ramirez for lack of probable cause in obtaining the same search warrant of the same residence shared by Defendants. We issued two notices of proposed summary disposition, proposing to affirm both suppression orders. The State filed a motion to consolidate the appeals, which we granted, consolidating the cases under the case number 31,140. The State filed a memorandum in opposition to our notices. We have considered the State's arguments and remain unpersuaded that there was probable cause to support the search warrant issued by the magistrate judge. We therefore affirm the district court's orders suppressing the evidence against Defendants.

On appeal, the State asks whether the district court erred by finding that a concerned citizen's (CC) visit to Defendants' residence pursuant to an ongoing

relationship between the two combined with the CC's knowledge that illegal narcotics were at the residence based on the CC's firsthand knowledge was insufficient to show that the CC had the requisite basis of knowledge to justify approval of the search warrant. [DS 6]

Focusing on the magistrate judge's finding of probable cause under the substantial basis standard of review, we proposed to hold that the search warrant, based on the hearsay statements of a confidential informant, did not meet the two-pronged *Aguilar/Spinelli* test. *See State v. Evans*, 2009-NMSC-027, ¶ 12, 146 N.M. 319, 210 P.3d 216 ("Our inquiry focuses on the issuing judge's conclusion as to probable cause." (emphasis omitted)); *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376 (overruling in part all previous case law to the extent that the cases applied a de novo rather than substantial basis standard of review); *In re Shon Daniel K.*, 1998-NMCA-069, ¶ 9, 125 N.M. 219, 959 P.2d 553 (setting forth the two-pronged *Aguilar/Spinelli* test). We proposed to hold that the affidavit was insufficient because it did not provide the basis for the CC's knowledge or time frame for when the knowledge may have been acquired; and it did not state whether the information relied upon was gathered in a reliable way and contained no facts indicating that the CC was credible or whether the information in the affidavit was accurate and worthy of belief. We also proposed to reject the State's argument that

even without an express basis for the CC's knowledge, the corroborating details in the affidavit were sufficient to be self-verifying or to ultimately satisfy probable cause.

In its response to our notice, the State disagrees with our reading of the affidavit. [MIO 4]  The State does not argue that we have misunderstood the facts or the law; it simply disagrees with our application of the law to the facts and asks us to infer that the CC had personally and recently observed Defendant's large-scale drug trafficking operation from the CC's vague statement that the CC had an ongoing relationship with Defendant Ramirez for six unspecified months.  The State also asks us to accept the veracity and reliability of the CC's basis of knowledge based on the anonymous Crimestoppers phone call, containing even less specific but corroborating details, and the officer-affiant's confirmation of the CC's details concerning Defendant Ramirez's vehicle.  [MIO 6-8]

We have recounted and considered these facts in our notice.  We remain unpersuaded that the affidavit "provided . . . sufficient information to permit the court to evaluate (1) the basis for the affiant's and any informant's knowledge indicating the information relied upon was gathered in a reliable way; and (2) facts indicating that the informant or informants are credible or the information in the affidavit is accurate and worthy of belief." *In Re Shon Daniel K.*, 1998-NMCA-069, ¶ 9.  Because the affidavit lacked all the necessary detail required for a finding of probable cause for the

4

reasons stated in the notices and in this opinion, we affirm the district court's ruling that the warrant was invalid and the resulting suppression of the evidence.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**